UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BOBBY L. FRANKLIN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-10-CV-1027-XR |
| § | |
| D.J. LAUGHLIN, d/b/a BWD PROPERTIES § | |
| 2, LLC, D/B/A/ BWD PROPERTIES 3, § | |
| LLC, D/B/A BWD PROPERTIES 4, LLC; § | |
| AND UNITED STATES § | |
| | |
| *Defendants*. | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation (Docket Entry No. 5) and Plaintiff's objections thereto (Docket Entry No. 9). After careful consideration, the Court will accept the recommendation and dismiss this case.

**Background**

Franklin filed a motion to proceed in forma pauperis (IFP) on Dec. 20, 2010.[1]  Upon Magistrate Judge Nowak's order, he filed an amended motion on Jan. 4, 2011,[2] and he also filed a motion for leave to file electronically at that time.[3]  Franklin's proposed complaint seeks to sue defendants based on the denial of his land patent applications for land purchased from the

---

[1] Mot. to Proceed IFP, Dec. 20, 2010 (Docket Entry No. 1).

[2] Am. Mot. to Proceed IFP, Jan. 4, 2011 (Docket Entry No. 3).

[3] Ex Parte Mot. for Leave to File Electronically, Jan. 4, 2011 (Docket Entry No. 4).

Department of the Interior in 1988 under the Desert Land Act. He also asserts that in 2008, a Nevada district court order falsely stated that he failed to exhaust administrative remedies.[4] He alleges that the order "wrongfully transferred Franklin's eighty acres of real property onto BWD, by falsely stating Franklin did not exhaust his administrative remedies..." and requests that this Court "review the evidence to be re-filed, and relieve [Franklin] from all Court proceedings that falsely state Franklin failed to exhaust administrative remedies." Franklin appears to rely on FED. R. CIV. P. 60(b) to bring this challenge.[5]

On April 21, 2008, Chief Judge Hunt of the District of Nevada issued an injunction requiring Franklin to present any future complaints, along with a copy of the injunction order, to Chief Judge Hunt for screening before he may file any other lawsuit based on his 1988 Desert Land Entry application or the property at issue in that application.[6] Franklin did not file such a petition for leave with Chief Judge Hunt before filing this lawsuit in this Court.

Judge Nowak issued her Report and Recommendation on January 13, 2011, recommending that Franklin's IFP motion be denied, that his claim and this case be dismissed, and that this Court warn Franklin under Rule 11 of the potential sanctions for filing frivolous pleadings in federal courts.[7] Her report concludes that Franklin's claim is foreclosed because it arises from his 1988 DLE

---

[4]*See* Franklin v. Chatterton, et al., Order, Case No. 2:07-CV-01400-RLH-RJJ (D. Nev. Feb. 12, 2008).

[5]Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for certain specified reasons. FED. R. CIV. P. 60(b).

[6]Franklin v. Chatterton, et al., Order and Injunction Case no. 2:07-CV-01400-RLR-RJJ (D. Nev. Apr. 21, 2008).

[7]Report and Recommendation, Jan. 13, 2011 (Docket Entry No. 5).

application and/or the property at issue in that application, and thus falls within Chief Judge Hunt's injunction. Franklin filed objections to Judge Nowak's report on January 25, 2011, within the 14 day deadline.[8]  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

## Legal Standard

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

## Analysis

Plaintiff's sole objection is that each of the cases on his prior claims "falsely state[s] that Franklin did not exhaust (his land patent) administrative remedies, and *each case* mistakenly omits any discussion, review or disposition on Franklin's land patent rights that were exhausted in the final

---

[8]Pl.'s Objections to Magistrate's Report and Recommendation, Jan. 25, 2011 (Docket Entry No. 9).

IBLA 96-111, 96-163 administrative proceedings and order."[9]  This assertion merely restates his claim for relief.  It does not excuse Franklin from Chief Judge Hunt's injunction.

Neither does Franklin's attempt to bring a claim based on Rule 60(b) to challenge the prior dismissal of his claims excuse him from the injunction.  As Judge Nowak noted, such challenges are typically brought in the court that rendered the judgment at issue.[10]  Furthermore, Franklin has had full and fair opportunity to litigate this issue in numerous prior cases.[11] As Chief Judge Hunt's order concluded:

> In this, Plaintiff's seventh lawsuit regarding the denial of his 1988 DLE application, Plaintiff again asserts no basis on which to grant relief.  This Court and others have found that Plaintiff's failure to exhaust his administrative remedies deprives them of the subject matter jurisdiction to hear this claim.  Additionally, this Court and others have found that even if it had jurisdiction, Plaintiff's claim would nevertheless be barred by both the statute of limitations and the doctrine of res judicata.

Finally, the Ninth Circuit has considered the arguments Franklin seeks to raise in this case, and affirmed the dismissal of his claims as well as the pre-filing injunction.[12]

Despite raising claims based on his 1988 DLE application and/or the property at issue in that application, Franklin did not submit to Chief Judge Hunt a copy of the injunction order and proof that his claims are new claims that have never been raised or disposed of before by any federal court. Accordingly, this lawsuit is barred by the injunction.

Furthermore, Franklin has violated FED. R. CIV. P. 11 by pursuing claims that he knows or

---

[9]Pl.'s Objections at 1.

[10]*See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394 (5th Cir. 2001).

[11]*See id.* at 395.

[12]Franklin v. Chatterton, et al., Case No. 08-16439 (9th Cir. Dec. 16, 2009).

should know to be frivolous, due to repeated explanations by Chief Judge Hunt that the court lacks jurisdiction over these claims. Franklin did not respond or object to Judge Nowak's conclusion that he has violated Rule 11. The Court warns Franklin that the Court may sanction him if he again violates Rule 11 by filing frivolous claims before this Court.[13] Such sanctions may include withdrawing his ability to appear before this Court, or monetary penalties, among others, as necessary to deter repetition of the conduct violating Rule 11.[14]

## Conclusion

For the reasons discussed herein, the Court ACCEPTS the Magistrate Judge's recommendation, DENIES Franklin's motion to proceed IFP, DISMISSES this claim with prejudice, and formally warns Franklin that he may be subject to Rule 11 sanctions if he continues to raise frivolous claims before this Court.

It is so ORDERED.

SIGNED this 15th day of February, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[13] FED. R. CIV. P. 11(c).

[14] *See id.*